**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>SHARON L. CLAYTON<br><br>DEFENDANT | **CIVIL ACTION NO.:**<br>**2:25-cv-00206-SDN** |

**CONSENT JUDGMENT OF FORECLOSURE AND ORDER OF SALE**
**(Title to Real Estate Involved)**
**Mortgage Recorded in Oxford County Registry of Deeds**
**in Book 508, Page 1**
**Street Address: 25 South Hiram Road, Hiram, Maine 04041**

Plaintiff, the United States Department of Agriculture ("Plaintiff" or "USDA"), and Defendant, Sharon L. Clayton ("Defendant" or "Ms. Clayton"), hereby consent, by and through their respective undersigned counsel, to the entry of Judgment of Foreclosure and Order of Sale with respect to that certain real estate located generally at or about 25 South Hiram Road, Hiram, Maine 04041 (the "Property"), as follows:

1.      The following information is included in the Judgment pursuant to 14 M.R.S.A. § 2401(3):

1

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166 | Stephean C. Chute, Esq., Bar No. 06828<br>Braucher & Associates, PLLC<br>764 Chestnut Street, Suite 1<br>Manchester, NH 03104 |
| Sharon L. Clayton<br>26 Summer Street, Apt. 304<br>Bath, Maine 04530 | Jonathan E. Selkowitz, Bar No. 5711<br>Pine Tree Legal Assistance, Inc.<br>P.O. Box 547<br>88 Federal Street<br>Portland, ME 04112 |

b. The docket number of this case is: 2:25-cv-00206-SDN.

c. Service of the documents required by Fed. R. Civ. P. 4(b) was made upon Defendant and Defendant has received notice of this action in accordance with the Federal Rules of Civil Procedure.

d. The property upon which Plaintiff seeks to foreclose in this case is adequately described in ¶ 14 below.

2. The Defendant is an individual with a last-known address of 26 Summer Street, Apartment 304, Bath, Maine 04530.

3. This is an action for foreclosure and sale respecting 25 South Hiram Road, Town of Hiram, County of Oxford (South), and State of Maine 04041 (the "Property").

4. On or about January 23, 2006, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $101,250.00. A true copy of the Note is attached as **Exhibit 1** to the Complaint.

5. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about January 23, 2006, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents") against the Property (the "Property"), which Mortgage is

recorded in the Oxford County Registry of Deeds in Book 508, Page 1. A true copy of the Mortgage is attached as **Exhibit 2** to the Complaint.

6.      The Mortgage secures the obligations of the Defendant under the terms of the Note.

7.      The Property is more particularly described in the Mortgage.

8.      Under the terms of the Loan Documents, if Borrower defaults in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction.

9.      Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on April 23, 2017, and all other payments that have come due thereunder.

10.      Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same.

11.      As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

12.      As of December 15, 2024, the debt evidenced by the Note and secured by Mortgage totaled $194,680.68, of which $88,154.97 consisted of principal, $70,759.14 consisted of accrued interest, and $35,766.57 consisted of other fees. Additional interest continues to accrue on the principal balance at the default interest rate of 5.375% per annum, which, in this case, works out to be $12.9817 per day from and after December 15, 2024, through the date hereof.

13.      By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property.

14.     As set forth in the Mortgage attached as **Exhibit 2** to the Complaint, the Property is bound and described as follows:

A certain lot or parcel of land situated at South Hiram, in the Town of Hiram, County of Oxford and State of Maine, together with the buildings and improvements thereon, situated on the Southerly side of the road leading from Kezar Falls Village to Cornish through South Hiram, being more particularly bound and described as follows:

Northerly by aforesaid road;

Easterly by land now or formerly of John B. Nason;

Southerly by land now or formerly of Frank E. Holmes and Grace E. Ridlon;

Westerly by land now or formerly of Edith Gilmore.

Being the same parcel conveyed to Sharon L. Clayton by Warranty Deed from Corliss A. Sargent and Shirley I. Sargent, dated January 23, 2006, and recorded in the Oxford County Registry of Deeds in Book W508, Page 999.

15.     As of April 15, 2026, the amount owing to Plaintiff under the terms of the Note and Mortgage was $214,286.00, consisting of the following:

| | |
|---|---|
| Principal: | $ 88,154.97 |
| Interest on Principal: | $ 43,488.50 |
| Subsidy Recapture: | $ 34,098.98 |
| Fees (Escrow & Property Preservation) | $ 31,948.14 |
| Interest Impoundment | $ 4,510.89 |
| Interest on Escrow | $ 6,815.27 |
| Late Fees: | $ 169.25 |
| Attorney's Fees and Costs: | $ 5,100.00 |
| Total: | $214,286.00 |

16.     The pre-judgment interest rate is 5.375%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 9.48%, pursuant to 14 M.R.S.A. § 1602-C (the one-year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by

the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue).

17.    The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

18.    The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST:    Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND:    The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

19.    The Defendant waives all rights under the Foreclosure Diversion Program.

20.    The Defendant waives all rights (i) of redemption which may arise pursuant to 14 M.R.S.A. § 6322, (ii) to file post-judgment motions, and (iii) of appeal.

21.    Plaintiff's claim for attorney's fees is not integral to the relief sought, within the meaning of Me. R. Civ. P. 54(b)(2), and there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims.

22.    No deficiency judgment shall enter, and Plaintiff shall not attempt to collect any deficiency from Defendant. Defendant gives, and Plaintiff accepts, Defendant's consent to this judgment, Defendant's waiver of any right to dispute Plaintiff's claims, and Defendant's waiver of her statutory right of redemption in full satisfaction of the Note and Mortgage and any claim arising

under the Note and Mortgage and the property referenced in the Mortgage, including the right to demand money from Defendant or attach or offset Defendant's assets, income, or federal benefits.

ACCORDINGLY, it is hereby **ORDERED** that:

A.    The Defendant, having waived her rights to file post-judgment motions and having waived her rights to file an appeal, it is hereby expressly directed that final entry of Judgment of Foreclosure and an Order for Sale is entered on Plaintiff's Complaint in favor of Plaintiff;

B.    Defendant, having waived her right of redemption, Plaintiff, its successors and assigns, shall be immediately entitled to exclusive possession of the real estate, issuance of a writ of possession thereon, and Plaintiff may sell the subject real estate, and disburse the proceeds of sale as follows:

FIRST, to the costs and expenses of sale;

SECOND, to payment of the Plaintiff's attorney's fees and costs as detailed above in Paragraph Fifteen (15) hereof;

THIRD, to payment of the Plaintiff's attorney's fees for service rendered on or after April 15, 2026, as may be approved by this Court upon application made in conjunction with the report of sale, and costs;

FOURTH, to the Plaintiff, to satisfy the total claim due on the Mortgage as set forth above, through the date of sale; and

FIFTH, in the event there is a surplus over the preceding amounts, to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

C.    If Defendant and anyone occupying the Property do not vacate the Property upon termination of the right to possession, Plaintiff may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

6

D.      Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

**SEEN AND AGREED TO:**

**THE UNITED STATES**                              **SHARON  L. CLAYTON**
**DEPARTMENT OF AGRICULTURE**

*/s/ Stephean C. Chute*                             */s/ Jonathan E. Selkowitz*
Stephean C. Chute, Esq., Bar No. 06828            Jonathan E. Selkowitz, Bar No. 5711
Braucher & Associates, PLLC                        Pine Tree Legal Assistance, Inc.
764 Chestnut Street, Suite 1                        P.O. BOX 547
Manchester, NH 03104                               88 Federal Street
stephean@ishofn.com                                Portland, ME 04112
                                                   jselkowitz@ptla.org

SO ORDERED.

Dated this 26th day of June, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE